E-FILED
Friday, 03 August, 2018  10:08:37 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHANDRA TURNER, as Special Administrator of the Estate of RICHARD TURNER, deceased, and CHANDRA TURNER, individually, | ) ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | No. 17 CV 2261 |
| CITY OF CHAMPAIGN, a municipal corporation, CHAMPAIGN POLICE OFFICER YOUNG; CHAMPAIGN POLICE OFFICER WILSON; CHAMPAIGN POLICE OFFICER TALBOTT; CHAMPAIGN POLICE SERGEANT FROST | ) ) ) ) ) ) ) ) | Jury Trial Demanded. |
| Defendants. | ) | |

### AMENDED COMPLAINT

Plaintiff, CHANDRA TURNER, for her complaint against Defendants, CITY OF CHAMPAIGN, a municipal corporation, CHAMPAIGN POLICE OFFICER YOUNG (Star Number 701), an individual, CHAMPAIGN POLICE OFFICER WILSON (Star Number 741), an individual, CHAMPAIGN POLICE OFFICER TALBOTT (Star Number 7105), an individual, and CHAMPAIGN POLICE SERGEANT FROST (Star Number 902), an individual, alleges as follows:

### NATURE OF CASE

This is an action for monetary damages brought pursuant to 42 U.S.C. §1983 and the laws of the State of Illinois.

## PARTIES

1.      At all relevant times, Plaintiff Chandra Turner was a resident of the Central District of Illinois.

2.      At all relevant times, Defendant Officer Young served as a Champaign Police Officer, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Champaign as a sworn law enforcement officer.

3.      At all relevant times, Defendant Officer Wilson served as a Champaign Police Officer, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Champaign as a sworn law enforcement officer.

4.      At all relevant times, Defendant Officer Talbott served as a Champaign Police Officer, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Champaign as a sworn law enforcement officer.

5.      At all relevant times, Defendant Sergeant Frost served as a Champaign Police Officer, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Champaign as a sworn law enforcement officer.

6.      At all relevant times, Defendant, City of Champaign ("Champaign") was a municipal corporation incorporated under the laws of the State of Illinois.

- 2 -

Defendant operates the Champaign Police Department, and is the principal employer of Defendant Officers.  Champaign is a party pursuant to the doctrine of respondeat superior on the pendant Illinois law claims.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1343 and 1367, because Plaintiff asserts herein claims that arise under the Constitution and laws of the United States, and other claims that are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue is proper pursuant to 28 U.S.C. §1391(b), because the facts that gave rise to the claims occurred within the Central District of Illinois.

## FACTS

9.     On or around November 16, 2016, Richard Turner was approached by Defendant Officers on the corner of Sixth and Green Streets in Champaign, Illinois.

10.     Mr. Turner was alive and well before Defendant Officers arrived.

11.     Mr. Turner was a long-time resident of Champaign, well known in the community and popular amongst his friends.

12.     Upon information and belief, Mr. Turner was not committing a felony or violent act when he was approached by Defendant Officers.

13.     In addition, it was well known that Mr. Turner was both homeless and harmless.

- 3 -

14.     For reasons still unknown, Defendant Officers arrived on the scene and forcibly subdued Mr. Turner.

15.     Without lawful justification, one or more of the Defendant Officers pushed Mr. Turner to the pavement and then held his face to the ground.

16.     Making matters worse, Defendant Officers pinned Mr. Turner's limbs and body to prevent him from moving or being able to freely breathe.

17.     The Defendant Officers used an aggressive and unnecessary tactic called a "hobble," which binds a person's (*i.e.*, Mr. Turner's) handcuffed arms to his or her legs.

18.     Mr. Turner begged for his life, telling Defendant Officers that he could not breathe.

19.     Yet, Defendant Officers persisted in shackling Mr. Turner like cattle – deliberately indifferent to his pleas.

20.     The Defendant Officers, collectively and individually, failed to intervene to save the life of Mr. Turner.

21.     Just moments after Defendant Officers approached him, Mr. Turner lay lifeless on the ground.

22.     He was no longer breathing.

23.     The Defendant Officers had killed Mr. Turner.

24.     Mr. Turner was pronounced dead at Carle Hospital.

25.  Mr. Turner's cause of death is listed as "cardiac arrhythmia; cardiomegaly with left ventricular hypertrophy."

26.  The Champaign County Coroner's Office indicated that "physical and mental stress during restraint by law enforcement" resulted in Mr. Turner's death.

27.  Mr. Turner is survived by a sister, Chandra, and a brother, John.

## COUNT I
### 42 U.S.C. § 1983 - EXCESSIVE FORCE
### (Young, Wilson, Talbott, Frost)

28.  Each of the foregoing allegations are incorporated herein.

29.  Defendant Officers, without provocation, used excessive, unnecessary, and/or unreasonable force against Mr. Turner in violation of his rights under the United States Constitution.

30.  Defendants' conduct was intentional, willful, malicious, in reckless disregard for, deliberatively indifferent to and/or callously indifferent to Mr. Turner's constitutional rights.

31.  As a result of the Defendant Officers' unjustified and excessive use of force, Mr. Turner suffered injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff, CHANDRA TURNER, Special Administrator of the Estate of RICHARD TURNER, deceased, and CHANDRA TURNER, individually, prays for entry of a judgment against Defendants OFFICER YOUNG, OFFICER WILSON, OFFICER TALBOTT, and SERGEANT FROST, for compensatory damages in a fair and just amount, and for such other and further relief as this

Court deems equitable and just.

## COUNT II
## 42 U.S.C. § 1983 – FAILURE TO INTERVENE
### (Young, Wilson, Talbott, Frost)

32.     Each of the foregoing allegations are incorporated herein.

33.     In the manner described above, during the constitutional violations described above, one or more Defendant Officers stood by without intervening to prevent the misconduct.

34.     As a result of this failure to intervene to prevent the violation of Mr. Turner's constitutional rights, Mr. Turner suffered pain and injury, as well as emotional distress. These officers had a reasonable opportunity to prevent this harm, but failed to do so.

35.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Mr. Turner's constitutional rights.

36.     The actions or inaction of Defendants, namely unknown officers, in failing to intervene and protect Mr. Turner from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated the rights of Mr. Turner under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of his injuries described above.

37.     As a direct and proximate result of Defendants' aforementioned intentional conduct, Mr. Turner, deceased, suffered serious injuries of a personal and pecuniary nature, including but not limited to great physical, mental, and/or emotional pain and suffering prior to his death, and would have been entitled to receive compensation from Defendants had he survived, thereby subjecting Defendants to liability pursuant to the Illinois Survival Act, 755 ILCS 5/27-6, commonly known as the Survival Statute of the State of Illinois.

**WHEREFORE**, Plaintiff, CHANDRA TURNER, Special Administrator of the Estate of RICHARD TURNER, deceased, and CHANDRA TURNER, individually, prays for entry of a judgment against Defendants OFFICER YOUNG, OFFICER WILSON, OFFICER TALBOTT, and SERGEANT FROST, for compensatory damages in a fair and just amount, and for such other and further relief as this Court deems equitable and just.

### COUNT III– WRONGFUL DEATH
### (Young, Wilson, Talbott, Frost)

38.     Each of the foregoing allegations are incorporated herein.

39.     At all relevant times in Illinois there existed a Wrongful Death Act, statutorily set forth at 740 ILCS 180/0.01, et seq.

40.     At all relevant times, Young, Wilson, Talbot, Frost, and other Champaign Police Officers were under a duty to refrain from willful, wanton, reckless, and intentional harmful acts against arrestees.

41.     Defendant Officers forcibly restrained Mr. Turner, until he stopped moving and breathing.

42.     As a direct and proximate result of Defendants' aforementioned misconduct, Mr. Turner died on November 16, 2016.

43.     As a direct and proximate result of Turner's death, his next of kin have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society, as well as grief, sorrow, and mental suffering, subjecting Defendants to liability pursuant to the Wrongful Death Act.

**WHEREFORE**, Plaintiff, CHANDRA TURNER, Special Administrator of the Estate of RICHARD TURNER, deceased, and CHANDRA TURNER, individually, prays for entry of a judgment against Defendants OFFICER YOUNG, OFFICER WILSON, OFFICER TALBOTT, and SERGEANT FROST, for compensatory damages in a fair and just amount, and for such other and further relief as this Court deems equitable and just.

## COUNT IV- SURVIVAL
### (Young, Wilson, Talbott, Frost)

44.     Each of the foregoing allegations are incorporated herein.

45.     At all relevant times in Illinois there existed a Survival Act, statutorily set forth at 755 ILCS 5/27-6, et seq.

46.     As a direct and proximate result of Defendants' misconduct as set forth above, Mr. Turner suffered injuries of a personal and pecuniary nature including,

but not limited to, conscious pain and suffering and would have been entitled to receive compensation from Defendants had he survived.

47.     Further, Turner's estate was diminished by virtue of the funeral expenses incurred.

48.     Defendants' conduct was intentional, willful, malicious, in reckless disregard for, deliberatively indifferent to and/or callously indifferent to Mr. Turner's constitutional rights.

49.     As a result of the Defendant Officers' unjustified and excessive use of force, Mr. Turner suffered injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff, CHANDRA TURNER, Special Administrator of the Estate of RICHARD TURNER, deceased, and CHANDRA TURNER, individually, prays for entry of a judgment against Defendants OFFICER YOUNG, OFFICER WILSON, OFFICER TALBOTT, and SERGEANT FROST, for compensatory damages in a fair and just amount, and for such other and further relief as this Court deems equitable and just.

## COUNT V – ILLINOIS STATE LAW CLAIM OF BATTERY
### (Young, Wilson, Talbott, Frost)

50.     Each of the foregoing allegations are incorporated herein.

51.     The Defendant Officers intentionally and forcibly caused an unconsented harmful contact to Mr. Turner's person in that they intentionally restrained Mr. Turner.

- 9 -

52.     As a direct and proximate result of Defendants' intentional conduct, Mr. Turner suffered serious physical, personal, and pecuniary injuries.

**WHEREFORE**, Plaintiff, CHANDRA TURNER, Special Administrator of the Estate of RICHARD TURNER, deceased, and CHANDRA TURNER, individually, prays for entry of a judgment against Defendants OFFICER YOUNG, OFFICER WILSON, OFFICER TALBOTT, and SERGEANT FROST, for compensatory damages in a fair and just amount, and for such other and further relief as this Court deems equitable and just.

## COUNT VI – ILLINOIS STATE LAW CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Young, Wilson, Talbott, Frost)

53.     Each of the foregoing allegations are incorporated herein.

54.     Defendant Officers' misconduct in forcibly restraining Mr. Turner was extreme and outrageous.

55.     The Defendant Officers committed the misconduct with knowledge that their actions would cause Mr. Turner severe emotional distress.

56.     As a direct and proximate cause of the Defendant Officers' misconduct, Mr. Turner has suffered severe emotional distress.

57.     Defendant Officers' conduct actually and proximately caused Mr. Turner's severe emotional distress.

**WHEREFORE**, Plaintiff, CHANDRA TURNER, Special Administrator of the Estate of RICHARD TURNER, deceased, and CHANDRA TURNER, individually,

prays for entry of a judgment against Defendants OFFICER YOUNG, OFFICER WILSON, OFFICER TALBOTT, and SERGEANT FROST, for compensatory damages in a fair and just amount, and for such other and further relief as this Court deems equitable and just.

## COUNT VII – RESPONDEAT SUPERIOR
### (City of Champaign)

58.   Each of the foregoing allegations are incorporated herein.

59.   In committing the acts alleged in the preceding paragraphs, Defendant Officers were employed by and acting as agents of the City of Champaign.

**WHEREFORE**, should Defendant Officers be found liable of the claims set forth above, Plaintiff demands that Defendant City of Champaign be found liable for any judgment she obtains.

## COUNT VIII – INDEMNIFICATION
### (City of Champaign)

60.   Each of the foregoing allegations are incorporated herein.

61.   Defendant City of Champaign is the indemnifying entity for the actions of Defendant Officers, described above, who took these actions while acting under the color of law and in the course and scope of their employment with the City of Champaign.

**WHEREFORE**, should Defendant Officers be found liable of the claims set forth above, Plaintiff demands that Defendant City of Champaign be found liable for any judgment (other than punitive damages) she obtains.

- 11 -

## COUNT VIV – *MONELL*
### (City of Champaign)

62.     This claim is pled in the alternative, and each of the foregoing allegations are incorporated herein.

63.     The Police Department of the City of Champaign has a long-standing and widespread pattern and practice of failing to properly supervise, monitor, and control officers when encountering persons with mental illnesses.

64.     The failure of the Police Department to properly monitor, supervise, or control officers created a pattern and practice which amounted to the deliberate indifference of the constitutional rights persons with mental illnesses.

65.     The pattern and practice of failing to monitor, control, supervise officers in encounters with persons with mental illnesses is widespread throughout the Police Department, and is so permanent and well-settled as to constitute a custom or usage with the force of law.

66.     This pattern and practice was used on other individuals within the City of Champaign and harmed those with mental illnesses within the City of Champaign by subjecting them to unlawful detention and the use of excessive force.

67.     The application of this pattern and practice is demonstrated by the encounter between the individual Defendants and Richard Turner.

68.     Defendants should have approached Richard Turner as a member of the public in need of medical aid.

69.     Defendants were not properly supervised, monitored, or controlled in

- 12 -

how they approached Richard Turner.

70.     The individual Defendants unlawfully and unnecessarily used excessive force on Richard Turner, who had a mental illness, instead of seeking medical treatment for Mr. Turner.

71.     Had the City of Champaign properly monitored and supervised the individual Defendants in connection with encounters with persons with mental illnesses, then Richard Turner would still be alive.

**WHEREFORE**, Plaintiff, CHANDRA TURNER, Special Administrator of the Estate of RICHARD TURNER, deceased, and CHANDRA TURNER, individually, prays for entry of a judgment against Defendant CITY OF CHAMPAIGN, for compensatory damages in a fair and just amount, and for such other and further relief as this Court deems equitable and just.

**JURY DEMAND**

Plaintiff demands trial by jury on all claims so triable.

> **PLAINTIFF CHANDRA TURNER, as Special Administrator of the Estate of RICHARD TURNER, deceased, and CHANDRA TURNER, individually,**
>
> By: /s/ Victor P. Henderson
>          One of her Attorneys

Victor P. Henderson
Christopher W. Carmichael
Alexandra H. Roffman
**HENDERSON PARKS, LLC**
140 South Dearborn Street, Suite 1020
Chicago, IL 60603

- 13 -

Telephone: (312) 262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com
aroffman@henderson-parks.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on **August 1, 2018**, the foregoing **Amended Complaint** was filed using the Central District of Illinois' electronic Case filing (ECF) system and served by the ECF system on counsel of record, who are registered ECF filers.

<u>s/Victor Henderson</u>