IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CHANDRA TURNER, as Special Administrator of the Estate of RICHARD TURNER, deceased, and CHANDRA TURNER, individually,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF CHAMPAIGN, a municipal corporation, CHAMPAIGN POLICE OFFICER YOUNG, CHAMPAIGN POLICE OFFICER WILSON, CHAMPAIGN POLICE OFFICER TALBOTT, CHAMPAIGN POLICE SERGEANT FROST,<br><br>　　　　Defendants. | No. 17 cv 02261 |

## **DEFENDANT CITY OF CHAMPAIGN'S MOTION FOR SUMMARY JUDGMENT**

### **I.  INTRODUCTION**

Plaintiff's claims against the City of Champaign ("Champaign") fail because the individual Defendant officers did not violate Richard Turner's constitutional rights. Additionally, Plaintiff has failed to carry her burden of proof on her *Monell* claim against Champaign. Accordingly, the Court must dismiss all claims against Champaign.

### **II.  UNDISPUTED MATERIAL FACTS**

Champaign joins in the statement of undisputed material facts filed by the Defendant officers in their Motion for Summary Judgment [43]. Further, Champaign offers the following.

1.　Plaintiff's police practices expert has seen nothing to indicate that the City of Champaign had a long-standing pattern or practice of interacting with mentally ill individuals in an inappropriate manner. Doc. 47-12 (Epperson), 259:9.

2. Plaintiff's police practices expert admits that the Champaign Police Department has a pretty robust, very thorough policy about dealing with the mentally ill. Doc. 47-12 (Epperson), 152:3.

3. Plaintiff's police practices expert admits that the Champaign Police Department policy regarding dealing with mentally ill comports to the International Association of Chief of Police concepts. Doc. 47-12 (Epperson), 258:18.

4. Plaintiff's police practices expert concedes that Officers Wilson and Talbott had training on dealing with mentally ill individuals. *E.g.* Doc. 47-12 (Epperson), 172:2, 269:20.

5. Plaintiff's police practices expert does not opine that anyone from the City of Champaign violated the restraining devices policies. Doc. 47-12 (Epperson), 39:8-11.

6. Plaintiff's police practices expert did not opine, in his timely disclosed expert report, that any subsection of Champaign Police Department's Use of Force policy was violated. Doc. 47-12 (Epperson), 41:2.

7. Plaintiff's police practices expert does not criticize the City of Champaign for failing to train officers on appropriate use of force techniques. Doc. 47-12 (Epperson), 255:8.

8. Plaintiff's police practices expert does not have the opinion that a violation of policy of the Champaign Police Department caused Richard Turner to die. Doc. 47-12 (Epperson), 150:9 – 151:5, 193:7 - 194:2.

### III. ARGUMENT

Champaign joins in the arguments filed by the Defendant officers in their Motion for Summary Judgment [43]. Further, Champaign requests dismissal on the following grounds.

### A. The Court must dismiss the *respondeat superior* claim (Count VII).

Plaintiff has no remaining claims to trigger *respondeat superior* liability. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). And Plaintiff's state law claims all fail as noted in the Defendant officers' Motion for Summary Judgment [43]. Without any claims to anchor *respondeat superior* liability, the Court must dismiss this count.

### B. The Court must dismiss the indemnification claim (Count VIII).

If the individual Defendant officers are not liable, then there is no basis for indemnification. "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." *E.g. Fleming v. Livingston Cty., Ill.*, 674 F.3d 874, 881 (7th Cir. 2012) (quoting 745 ILCS 10/2–109). In this case, the Defendant officers are not liable as explained in their motion, so this claim must also be dismissed.

### C. The Court must dismiss the *Monell* claim (Count VIV (*sic*)).

The *Monell* claim also fails because officers did not violate the Fourth Amendment. A local municipality cannot be "held liable on a failure to train theory or on a municipal policy theory absent a finding that the individual police officers are liable on the underlying substantive claim." *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 597 (7th Cir. 1997); *Padula v. Leimbach*, 656 F.3d 595, 605 (7th Cir. 2011). In other words, "municipalities . . . cannot be liable under § 1983 absent an underlying constitutional violation by one or more of their officers." *Marion v. City of Corydon, Indiana*, 559 F.3d 700, 706 (7th Cir. 2009); *Florek v. Vill. of Mundelein, Ill.*, 649 F.3d 594, 601 (7th Cir. 2011). In this case, there is none, as explained in the Defendant officers' motion, so the *Monell* claim must fail.

Further, Plaintiff lacks evidence to support a *Monell* claim. "A *Monell* claim subjects a local governing body . . . to liability when an official policy, widespread custom, or action by an official with policy-making authority was the moving force behind [a] constitutional injury." *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 888 (7th Cir. 2018) (internal quotation marks omitted). Plaintiff "must do more than simply rely upon [Turner's] own experience to invoke *Monell* liability." *Estate of Perry v. Wenzel*, 872 F.3d 439, 461 (7th Cir. 2017). Courts have also rejected *Monell* claims accusing a municipality of failing to train its police officers in "better" techniques for handling encounters with mentally ill people. *See Estate of Williams v. Indiana State Police*, 26 F. Supp. 3d 824, 857-61 (S.D. Ind. 2014); *cf. Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 442 (7th Cir. 1986) ("the Constitution does not require police to follow the best recommended practices"). In this case, Plaintiff's police practices expert has made multiple concessions that reveal Plaintiff lacks a sufficient basis to proceed on a *Monell* claim. *See above* at Undisputed Material Facts. The claim must be dismissed.

Respectfully submitted,

Defendant CITY OF CHAMPAIGN

*s/ Justin N. Brunner*
David E. Krchak (3127316)
Justin N. Brunner (6323496)
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500, P.O. Box 560
Champaign, IL 61824-0560
Ph: (217) 351-1500; Fax: (217) 351-2169
krchak@tmh-law.com, justin@tmh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 26, 2019, I caused the foregoing document (*DEFENDANT CITY OF CHAMPAIGN'S MOTION FOR SUMMARY JUDGMENT*) to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notice to Plaintiff's counsel of record.

*s/ Justin N. Brunner*
Justin N. Brunner (6323496)
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500, P.O. Box 560
Champaign, IL 61824-0560
Ph: (217) 351-1500; Fax: (217) 351-2169
justin@tmh-law.com

**CERTIFICATE OF COMPLIANCE WITH TYPE VOLUME LIMITATION**

I hereby certify that the preceding motion complies with the type volume limitations set forth in CDIL-LR 7.1(D)(5) and 7.1(B)(4). The Argument section of this motion (CDIL-LR 7.1(D)(1)(c)) contains 541 words, relying upon the word count of the Microsoft Word program used to prepare the document, and including all headings, footnotes, and quotations in that section.

*s/ Justin N. Brunner*
Justin N. Brunner (6323496)
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500, P.O. Box 560
Champaign, IL 61824-0560
Ph: (217) 351-1500; Fax: (217) 351-2169
justin@tmh-law.com
