E-FILED
Wednesday, 14 August, 2019 11:14:20 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 13

# ILLINOIS PROSECUTOR SERVICES, LLC

PO Box 722, Carlinville, IL 62626
Phone: (217) 854-8041  Fax: (217) 854-5343
Website: www.illinoisprosecutorservices.com
E-mail: don@illinoisprosecutorservices.com



# LAW ENFORCEMENT OFFICER TRAINING CASE OF THE WEEK

### By Don Hays

Fourth Week of May – 2014

Copyright © 2014 Illinois Prosecutor Services, LLC. All Rights Reserved.

Defendants 341

# LAW ENFORCEMENT OFFICER TRAINING CASE OF THE WEEK

## Fourth Week of May, 2014

### Pantaleo v. Hayes, 2013 WL 5311450, N. D. Ill., September 20, 2013

Were these officers liable for the force used against this person?

**FACTS:** The plaintiff used alcohol and marijuana in excess. Believing the plaintiff to be manic, the plaintiff's mother took him to a hospital for treatment. The plaintiff did not react well to this turn of events. At the hospital, the plaintiff behaved so badly that the police were called. When the defendant officers arrived at the Hospital, they were the plaintiff was threatening to throw an oxygen tank out the window and was swearing. They were informed that the plaintiff had been involuntarily committed based on a suicide attempt, that he was agitated and violent, and that he had barricaded himself in the room. Further, the Officers learned that the plaintiff had not been taking his medication. According to the Officers, when they entered the plaintiff's room he began agitated and resisted their attempts to calm him down. An Officer then used his taser once on the plaintiff, discharging the probes into the plaintiff's back for one five-second cycle. The plaintiff was then handcuffed. Psychotropic medication was administered to the plaintiff, after which the probes and handcuffs were removed. The plaintiff was then moved to a gurney, where four-point restraints were used to secure the plaintiff. Following this incident, the plaintiff brought a Federal Civil Rights action for the excessive use of force against the Officers. The Officers moved to dismiss the plaintiff's suit.

**ISSUE:** Should the District Court dismiss the plaintiff's suit against the Officers.

**AND FINDINGS:** The plaintiff first claimed that the Officers were liable for excessive force; not only for the use of the taser against him but also for the subsequent application of the four-point restraints. *(A)* The plaintiff first argued that the amount of force used was excessive in part because the Officers knew that they were dealing with a patient of diminished mental capacity. <u>The Court held that if a suspect is mentally ill, the officer's awareness of his mental illness is a factor in the analysis of whether the Officer's use of force was reasonable.</u> The plaintiff next argued that the force was unreasonable because he was never actively resisting arrest or seizure. The Court noted that evidence on this point was in dispute. The plaintiff testified that he was calm and retreated to a corner in the fetal position, saying that he would take the medicine so as not to be tased. Under the plaintiff's version, a jury could find that the use of the taser was not objectively reasonable. The Officers, however, testified that the plaintiff was agitated and assumed a fighting position, telling them that "it's on." They testified that the plaintiff pushed a gurney at them, as if he were attempting to impede them from getting to him. They further testified that the officers ordered the plaintiff to the floor and that he did not comply. According to defendants, the plaintiff never agreed to the injection. Nonetheless, even under Officers' version, whether the degree of force used to address the plaintiff's actions was reasonable remained at issue, particularly considering that the plaintiff was in a confined space with little chance of escaping from two officers and two security guards and was being seized for his own protection and those of others around him, not because he had committed a felony. The Court held that these competing versions of events create a genuine dispute as to whether the plaintiff was actively resisting and whether the single use of the taser was appropriate. Therefore, a jury must be allowed to decide who to believe. *(B)* The plaintiff also claimed that the use of the four-point restraints was improper and violated his right to be free from restraint. Here a doctor testified that these restraints were necessary due to the danger the plaintiff posed to himself and to others. The court noted that at the time the restraints were applied, the plaintiff had already been subdued by the use of the taser and the psychotropic medication. However, the plaintiff did not offer any evidence that would challenge the conclusion that the application of the restraints was necessary under the circumstances of this case. Consequently, the Court dismissed the plaintiff's excessive force claim related to the application of the four point restraints.

**CONCLUSION:** As is always the case, who knows how a jury will decide. That is why a large percentage of these cases are settled before a jury as a chance to do any damage.

Defendants 342

# QUIZ QUESTIONS FOR THE FOURTH WEEK OF MAY, 2014

## Pantaleo v. Hayes, 2013 WL 5311450, N. D. Ill., September 20, 2013

1. In this week's case, the plaintiff was involuntarily committed because of his potentially suicidal conduct. Does an individual who has been involuntarily committed still have constitutional rights?

    a. Yes.

    b. No.

2. Once an Officer is justified in using force against a suspect, the Officer retains the right to use that force no matter what the suspect does.

    a. True.

    b. False.

3. The Officers here used a taser to assist them in restraining the plaintiff. Could the use of a taser under these circumstances constitute the unreasonable use of force even though the plaintiff suffered no permanent damage from its use?

    a. Yes.

    b. No.

4. A suspect in your custody has a mental breakdown. Does the fact that you are dealing with a suspect with a diminished mental capacity make any different when considering what amount of force is to be used against that suspect?

    a. Yes.

    b. No.

Defendants 343

# QUIZ ANSWERS AND DISCUSSION FOR THE FOURTH WEEK OF MAY, 2014

## Pantaleo v. Hayes, 2013 WL 5311450, N. D. Ill., September 20, 2013

1. In this week's case, the plaintiff was involuntarily committed because of his potentially suicidal conduct. Does an individual who has been involuntarily committed still have constitutional rights?

    ***a.*** ***Yes.*** While the Fourth Amendment "applies in the civil setting to seizures of individuals for psychiatric evaluations or involuntary confinement," the Fourteenth Amendment "provides involuntarily committed individuals with the right to be free from undue bodily restraint in the course of their treatment by the State." *Lanman v. Hinson*, 529 F.3d 673, 680–81 (6th Cir.2008)

2. Once an Officer is justified in using force against a suspect, the Officer retains the right to use that force no matter what the suspect does.

    ***b.*** ***False.*** In an excessive force claim, force is reasonable only when exercised in proportion to the threat posed, and as the threat changes, so too should the degree of force; force also becomes increasingly severe the more often it is used, and striking a resisting suspect once is not the same as striking him ten times, and thus it is the totality of the circumstances, not the first forcible act, that determines objective reasonableness. *Cyrus v. Town of Mukwonago*, 624 F.3d 856, (7th Cir.2010)

3. The Officers here used a taser to assist them in restraining the plaintiff. Could the use of a taser under these circumstances constitute the unreasonable use of force even though the plaintiff suffered no permanent damage from its use?

    ***a.*** ***Yes.*** The use of a taser on an individual can violate that individual's constitutional rights. *Abbott v. Sangamon County, Ill.*, 705 F. 3d 706, C.A.7 (Ill.), January 29, 2013

4. A suspect in your custody has a mental breakdown. Does the fact that you are dealing with a suspect with a diminished mental capacity (he's nuts) make any different when considering what amount of force is to be used against that suspect?

    ***a.*** ***Yes.*** The Courts have held that "(i)f the suspect is mentally ill, the officer's awareness of his mental illness is also a factor in the analysis." *Cyrus v. Town of Mukwonago*, 624 F.3d 856, (7th Cir.2010) *see also Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, (7th Cir.2012) ("There is a commonsense need to mitigate force when apprehending a non-resisting suspect, particularly when the suspect is known to have diminished capacity. An arrestee may be physically unable to comply with police commands.").

Defendants 344

TASKS BY DOCUMENT - ALL TASKS

Summary



| Task Type | Task Count |
|---|---|
| Read | 4 |
| Documents Without Tasks | 0 |
| Write | 0 |
| Review | 0 |
| Approve | 0 |
| Submit | 0 |

Task Type: Read

Column Summaries

**Assignee:** 4  **Document:** 1
**Tasks Status:** 100% Complete

**Assignee:** Frost, Thomas (Sergeant)
**Date Completed:** 6/4/2014
**Document:** Pantaleo v. Hayes - (708)
**Task Type:** Read
**Tasks Status:** Complete

**Assignee:** Talbott, Michael (Police Officer)
**Date Completed:** 6/29/2014

Defendants 345

**Document:** Pantaleo v. Hayes - (708)
**Task Type:** Read
**Tasks Status:** Complete

**Assignee:** Young, Christopher (Police Officer)
**Date Completed:** 8/18/2014
**Document:** Pantaleo v. Hayes - (708)
**Task Type:** Read
**Tasks Status:** Complete

**Assignee:** Wilson, Andrew (Patrol Officer)
**Date Completed:** 5/25/2016
**Document:** Pantaleo v. Hayes - (708)
**Task Type:** Read
**Tasks Status:** Complete

Defendants 346